### THE KING *vs.* AH FONG ALIAS AH FAWN.

#### ON EXCEPTIONS.

UNDER the Act of 1874, restricting the importation and sale of opium, and the amendments thereto, the possession by a defendant of any appreciable quantity of opium for the purpose of smoking is an offense punishable.

Opinion of a majority of the Court by AUSTIN, J.

The defendant excepted to the Court in Banco from a sentence and judgment entered upon the verdict of a jury by which he was convicted of the offense of having opium in his possession.

The facts shown were, that the defendant was found in a room on the second floor of a house on Maunakea street, Honolulu, on a bed in the act of smoking opium, or some preparation thereof, and that on a tray on that bed were found a lamp, a red clay pipe, two wires for roasting opium, a piece of opium as large as a pea, and a lichee nutshell with opium (a small quantity). The defendant gave evidence that one Ah Sing or Ah Chong, who was found on the bed with him, was the party smoking, and not himself.

The defendant's counsel asked the Court to charge the jury: "That if the jury believe the evidence for prosecution that the defendant was smoking opium, or some preparation thereof, at the premises of Ah Sing or Ah Chong, not being his own residence, there being no evidence as to any other

opium than that actually being smoked they will acquit the prisoner, smoking opium not being an offense under the statute."

The Court refused so to charge, and the defendant duly excepted ; and the Court charged the jury that " smoking of opium was not explicitly an offense, but its possession is so, so I charge you that if you believe from the evidence that any appreciable quantity of opium was found in the possession of the.defendant for the purpose of smoking, you will convict the defendant," to which charge the defendant excepted.

The verdict of the jury is conclusive that the defendant was the party smoking, and that he had the possession of an appreciable quantity for the purpose of smoking.

The statute under which the defendant was arraigned and convicted was Chapter 56 of the Laws of 1874, as amended by Chapter 43 in 1876, and Chapter 18 in 1880, and as amended, entitled "An Act to restrict the importation and sale of opium, or preparations thereof."

Section 1 of the Statute, as amended, provides that " whoever shall import, sell, give, or furnish opium, or any preparation thereof, to any person in this Kingdom, except as provided in Section 2, shall be liable to.punishment ; and Section 3 provides that any person who shall have in his possession opium, or any preparation thereof, not duly received under Section 2 shall forfeit the same, and be liable to punishment."

The defendant, if properly convicted, was convicted under Section 3. If he had opium in his possession it must be admitted it was not excusable under Section 2, which relates to opium duly furnished by a physician. Was the conviction just ?

It is true the smoking of opium is not forbidden. The leading object of the law, however, is to prevent the importation and sale of that drug. And one of the great fosterers of such importation and sale is the demand for it by opium smokers. If then any opium smoker should buy or obtain

opium for smoking, and have it in his possession, he would violate the statute. We do not think that the amount he obtained, or had in his possession, would make any difference in the completion of the offense, whether it were a pound or of the size of a pea.

The defendant's counsel sought to apply to the case the maxim *de minimis non curat lex*, but we think that maxim does not apply.

In a case of larceny, where only one small piece of blank paper was traced to the prisoner, and his counsel claimed that the article stolen must be of the value of some coin known to the law, which was not shown, Parke Baron, says : "It must be assigned of some value—you say of the value of some known coin ; but I do not know of any authority for that. I do not know that it could not be stated as of the value of a hundredth part of a farthing."

And the very learned Judge gave it as his opinion that the article stolen need not be of the value of some known coin. See Regina *vs.* Morris, 9 C. of P. (38 E. C. L. P. R.), p. 349.

We think, as charged by the Chief Justice, that if any appreciable quantity of opium was found in the possession of the defendant he was properly convicted.

The offense charged was the very lightest known to the statute. The amount of opium found was scarcely sufficient to be an article of commerce, or to pay for confiscation under the statute. It was not held for the purpose of gain, but only for pleasure, and as the result of a habit common to large numbers of Chinese.

The penalties are severe, and for a first and so light an offense the punishment should be milder than that imposed.

But we have no power to modify the sentence. Exceptions overruled.

Attorney General Preston for the Crown.

W. R. Castle and F. M. Hatch for the defendant.

Honolulu, February 2, 1883.

DISSENTING OPINION OF MR. JUSTICE McCULLY.

Regretting that I cannot concur in the opinion of the Court I respectfully submit the following considerations in support of my view, that the instruction asked for by defendant's counsel and refused by the Court should have been given, and that the instruction which was given was not correct.

The purpose of the Acts set forth in its title is "to restrict the importation and sale of opium or preparations thereof." It may not be denied that the intent of the Legislature is to suppress the practice of opium smoking. This is attempted by first prohibiting the importation into the Kingdom under a penalty of imprisonment (except by the Board of Health to be distributed to licensed physicians, for medical purposes only, with penalty for prescribing or furnishing it to any person in the habit of smoking, or except as a remedy in case of sickness), and, secondly, by providing that any opium which has escaped seizure at its importation, which is in possession of any person (not having been furnished as above by the Board of Health or prescribed and furnished by a physician) shall be seized, with penalty of fine and imprisonment for the possession.

As opium is not produced in this Kingdom, the effectual execution of this law capturing all the opium attempted to be brought in, or seizing all which might have escaped and have passed from the importer's hands to other people without necessity of proving that the importation was illegal (all possession being illicit, except when shown to be by or from the Board of Health or physicians) would remedy the evil of opium smoking by cutting off the material. The use of opium, however, is not forbidden.

This is something too obvious to have escaped the observation of the Legislature. We must believe that if it had intended to make the use of opium an offense it would have enacted a provision applying to it in express terms. A well known legal principle in criminal law is that nothing is to be

construed by intendment against the defendant in a criminal statute, that is, Penal Statutes are to be strictly construed and are never extended by implication. Says Lord Kenyon in Jenkinson *vs.* Thomas, 4 Term Rep.: "But as it is our duty to expound and not to make Acts of Parliament, we must not extend a penal law to other cases than those intended by the Legislature, even though we think they come within the mischief to be remedied."

I interpret this statute by its title to be for the purpose of restricting the importation and the sale of opium, and that it cannot be extended, so as practically to forbid the use of opium. The third section under which the defendant was convicted read in connection with the words of the title "to restrict * * * the sale of opium," seems to me to provide for instances of the possession of quantities which may be sold. It prescribes that opium "in possession" shall be forfeited to the Hawaiian Government, and shall be seized and delivered to the Board of Health. The statement of this case shows that there was before the defendant a piece of opium as large as a pea and a small quantity in a nut shell. The defendant was in the act of smoking. The plain inference from these facts is that he had only the portion for a smoke and was in the act of consuming this little quantity. On the instruction of the Court that if defendant was in possession of any appreciable quantity of opium he was guilty as charged, the jury was required to convict, for the smallest quantity is "appreciable," and it was in defendant's possession when he was in the course of smoking it.

By this construction of the Act, the smoking of opium is made a penal offense, although not made such by the statute. But if smoking opium requires inevitably the possession of opium, how is it to be removed from the literal force of the statute? I think the test is, that if the construction given by the Court in this case establishes an offense which is not provided for in the Act, such construction must be erroneous.

I quote some observations from Livingston, J., *in re* the schooner Enterprise, 1 Paine, 32, as expressing what is the uniform rule of construing penal statutes : "But while it is said that penal statutes are to receive a strict construction, nothing more is meant than that they shall not by their spirit or equity be extended to offenses other than those which are specially and clearly described and provided for. It should be a principle of every criminal code that no person be adjudged guilty of an offense unless it be created and promulgated in terms which leave no reasonable doubt of their meaning. A Court has no option when any considerable ambiguity arises on a penal statute, but is bound to decide in favor of the party accused. This (viz., going to sea, etc., without a clearance) may have been in the contemplation of Congress ; but we are not bound to conclude that they have done what was intended unless fit words be used for the purpose."

Smoking opium is an act which is specifically distinct from possessing opium. The possession of what is smoked is merely the necessary incident of smoking. But that which the defendant smokes is not for "sale," and I think the pea-sized pellet in his pipe and nutshell is not what was intended to be forfeited to the Hawaiian Government, seized and delivered to the Board of Health, if it should be secured before it has burned to ashes. If this construction of the statute is carried out it leads to this—that one may be convicted for having smoked opium, for if he smoked opium he possessed it while smoking, and proof that it was opium is proof of a possession at that time. Thus a specific act not alluded to in the statute is made punishable. As opium-smoking could not have been a thing unconsidered by the Legislature, if they had intended to forbid it on penalty of fine and imprisonment, they should have expressed it "in terms which leave no doubt of their meaning." They have not done this, and, in

my view, the statute restricting the importation and sale of it should not be held to apply to the mere use of it.

Honolulu, February 2, 1883.